**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

JAMES D BARRICK,

   Plaintiff,

     v.          CASE NO. 3:23-CV-662-HAB

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.

## OPINION AND ORDER

This matter is before the Court on a Motion for Attorney Fees under 42 U.S.C. § 406(b). Matthew Richter ("Counsel"), who represented Plaintiff James D. Barrick ("Plaintiff") before this Court and in subsequent administrative proceedings, asks this Court to approve an award of attorney fees. (ECF 31).

The Court previously awarded Counsel $1,239.00 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), although Counsel claims that he had yet to receive the EAJA fees when he filed the motion. (ECF 32). Counsel now asks the Court to award $14,694.00 in gross attorney fees under § 406(b), equal to 25 percent of Plaintiff's $58,776.00 in past-due benefits. (*Id.*). Counsel also requests that the Court direct them to refund Plaintiff the EAJA fees once they are received. (*Id.*). The Commissioner of Social Security ("Commissioner") neither supports nor opposes this motion. (ECF 33). The Commissioner only requests, consistent with Counsel's motion, that the Court order Counsel to refund the EAJA fees to Plaintiff if the motion is granted. (*Id.*).

42 U.S.C. § 406 governs fees for attorneys representing Social Security claimants, both administratively and in federal court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793–94 (2002). An

attorney who obtains a favorable judgment for a Social Security claimant can obtain "a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant because of that judgment. 42 U.S.C. § 406(b)(1)(A) (emphasis added).

To determine whether a fee is reasonable, this Court "must begin with the contingency award as its polestar." *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (internal quotations omitted). It must then consider multiple factors to determine whether a requested award should be reduced, including "the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." *Id.* Put another way, this Court "give[s] primacy to fee agreements" while acting as "'check' on contingent-fee agreements that result in unreasonable fees." *Id.* (quoting *Gisbrecht*, 535 U.S. at 807–08).

Counsel requests $14,694.00 in fees for 5.6 hours of attorney time. This would result in an effective attorney hourly rate of $2,623.93 per hour. The $14,694.00 figure equals exactly 25 percent of Plaintiff's past-due benefits, the maximum allowed for representation in court under § 406. With that in mind, the Court must next determine whether this request is reasonable. It is.

While Counsel's motion does not indicate Plaintiff's express satisfaction, it can be implied. Plaintiff was initially denied benefits. Counsel successfully reversed that result. To do so, Counsel represented Plaintiff before this Court and in administrative appeals for nearly three years. Plaintiff is now entitled to $58,776.00 in past-due benefits. (ECF 32-3). This would not have occurred without Counsel's representation. There is also no evidence that Counsel delayed or overreached in this case.

2

The only factor cautioning against the reasonableness of the fee request is the effective hourly rate. A § 406(b) fee award for an effective rate of $2,623.93 per hour is quite high for this jurisdiction,[1] although not unheard of.[2] Because Counsel contingency fee is capped at 25 percent by statute, his arguments about the fee being low compared to the 33 percent some personal injury lawyers take do not persuade the Court. But even so, Counsel obtained an excellent result for his client. And the Court is mindful of the considerable risk attorneys like Counsel take by representing clients on a contingency basis. *See Hensley v. Eckerhart*, 461 U.S. 424, 448–49 (Burger, C.J., concurring) ("Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate.").

Accordingly, the First Motion for Attorney Fees (ECF 31) is GRANTED. The Commissioner shall pay Counsel a gross attorney fee award in the amount of $14,694.00 pursuant to 42 U.S.C. § 406(b). The Court further ORDERS that Counsel refund to Plaintiff an amount equal to the previously awarded EAJA fees of $1,239.00 once the fees are received.

**SO ORDERED** on June 11, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[1] *See, e.g.*, *Sholl v. Comm'r of Soc. Sec.,* No. 1:22-CV-00042-SLC, 2025 WL 1778711, at *4 (N.D. Ind. June 27, 2025) (awarding a fee equating to $657.23 per hour); *Hughes v. O'Malley*, No. 1:20-CV-369-TLS-SLC, 2024 WL 1071059, at *1 (N.D. Ind. Feb. 6, 2024) ($484.74 per hour); *Mitchell v. Comm'r of Soc. Sec.*, No. 1:20-cv-00490-SLC, 2024 WL 228037, at *4 (N.D. Ind. Jan. 22, 2024) ($603.14 per hour).

[2] *See, e.g., Demonja v. O'Malley*, No. 2:21-CV-305-JEM (N.D. Ind. Apr. 2, 2024), ECF No. 31 (awarding fee equating to $4,821.65 per hour); *Long v. Saul,* No. 3:19-CV-155 JD, 2021 WL 2588110, at *1 (N.D. Ind. June 24, 2021) ($1,711.96 per hour).